**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | |
| | ) | Case No. 21-10023 (JTD) |
| Debtor. | ) | |
| —————————————— | ) | |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 23-50453 (JTD) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————— | ) | |

## ANSWER BY DEFENDANT DISTRICT OF COLUMBIA

In accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, Defendant District of Columbia ("Defendant"), by its undersigned counsel, hereby responds to the Complaint for Declaratory Judgment filed by Debtor/Plaintiff Wardman Hotel Owner, L.L.C.

## FIRST DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant responds to the numbered paragraphs of the Complaint as follows:

1.      Defendant admits the allegations in the first sentence of Paragraph 1, but Defendant further avers that Debtor never disclosed to this Court or its creditors the existence of its pending lawsuit in the Superior Court of the District of Columbia seeking a refund of "more

---

[1] The last four digits of Debtor's U.S. tax identification number are 9717. Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

than $1 million" in real-property taxes paid in Tax Year 2020 on Debtor's hotel property at 2660 Woodley Road NW in Washington DC (the "TY 2020 Refund Case") until Defendant forced the issue and moved for summary judgment based on judicial estoppel in the TY 2020 Refund Case Regarding the allegations in the second sentence of Paragraph 1, Defendant avers that, on September 27, 2021, the Debtor filed a lawsuit seeking a refund of more than $700,000 in TY 2021 real-property taxes paid on Debtor's hotel property (the "TY 2021 Refund Case"). At the time the bankruptcy petition was filed, the TY 2021 Refund Case was the subject of administrative litigation before the District's Real Property Tax Appeals Commission.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant admits that it has denied that Debtor is entitled to a refund of TY 2020 cases paid on the hotel property at 2660 Woodley Road NW in Washington (the "Subject Property") and that a trial on Debtor's refund claim was scheduled for a three-day trial starting on February 27, 2023.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant admits that, as part of its summary judgment filing in the TY 2020 Refund Case, Defendant addressed the TY 2021 Refund Case. Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant admits the allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Paragraph 8 is Debtor's characterization of the Complaint, not factual allegations to which a response is required. To the extent a response is required, Defendant denies that Debtor is entitled to any of the relief it seeks.

9.       Paragraph 9 contains legal conclusions, not factual allegations to which a response is required. To the extent a response is required, Defendant admits that the Court appears to have subject-matter jurisdiction over this matter but denies that venue is proper in this District.

10.      Paragraph 10 contains legal conclusions, not factual allegations to which a response is required. To the extent a response is required, Defendant states that the Debtor is not entitled to any of the relief requested in its Complaint.

11.      Paragraph 11 contains legal conclusions, not factual allegations to which a response is required. To the extent a response is required, Defendant states that the Debtor is not entitled to any of the relief requested in its Complaint.

12.      Defendant is without information sufficient to form a belief as to the truth of whether Debtor continues to exist under the laws of the State of Delaware and therefore denies the allegations in the first clause in Paragraph 12. Defendant admits that the Wardman Hotel Owner, L.L.C. is the Debtor in the above-captioned proceeding.

13.      Defendant admits that it is a municipal corporation and is subject to suit under certain conditions.

14.      Defendant is without information sufficient to form a belief as to whether Subject Property was the Debtor's "primary asset," and therefore Defendant denies that allegation. Defendant admits that the Subject Property is a "prime location."

15.      Defendant admits the allegations in Paragraph 15.

16.      Defendant denies the allegations in Paragraph 16.

17.    Defendant admits that the Hotel closed in December 2020, but is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.    Defendant admits the allegations in Paragraph 18.

19.    Defendant admits the allegations in Paragraph 19.

20.    Defendant admits the allegations in Paragraph 20.

21.    Defendant admits the allegations in Paragraph 21.

22.    Defendant admits the allegations in Paragraph 22, but denies any suggestion by Debtor that this constituted disclosure of the TY 2020 Refund Claim.

23.    Defendant denies the allegations in Paragraph 23, or that such "broad reservations" covered the pending TY 2020 Refund Claim.

24.    Defendant admits that the Court entered the Confirmation Order on September 20, 2021. Defendant denies any remaining allegations in Paragraph 24.

25.    Paragraph 25 is a legal conclusion to which no response is required. To the extent a response is required, Defendant avers that any such "broad reservations" did not absolve Debtor of its obligation to disclose pending lawsuits and known claims.

26.    Paragraph 26 amounts to legal conclusions to which no response is required. To the extent a response is required, Defendant admits the Debtor's Plan of Liquidation appears to provide for the creation of a liquidating trust and the appointment of liquidating trustee.

27.    Defendant admits the allegations in Paragraph 27.

28.    Defendant admits that, as a creditor, it generally received notices sent to creditors in the above-captioned bankruptcy proceeding.

29.    Defendant admits the allegation in Paragraph 29.

30.     Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     Regarding the allegations in Paragraph 31, Defendant states that the Debtor only filed amendments to its Schedules and Statements to disclose the TY 2020 Refund Claim *after* Defendant moved for summary judgment in D.C. Superior Court based on judicial estoppel due to Debtor's failure for more than two years to disclose to the Bankruptcy Court or its creditors the existence of the TY 2020 Refund Claim.

32.     Paragraph 32 is a legal conclusion not a factual allegation to which a response is required.

33.     Defendant admits the allegations in Paragraph 33.

34.      Defendant admits the allegations in Paragraph 34, and further avers that the 2020 Refund Claim was pending at the time Debtor filed its bankruptcy petition.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant admits the allegations in Paragraph 36.

37.     Defendant admits the allegations in Paragraph 37, however Defendant states that that the TY 2021 Refund Claim was pending before the District's Real Property Tax Appeals Commission at the time Debtor filed its bankruptcy petition.

38.     Defendant admits the allegations in Paragraph 38.

39.     Defendant avers that the Debtor has moved to stay the proceedings on the TY 2021 Refund Claim based on this adversary proceeding.

40.     Defendant admits the allegations in Paragraph 40; however, Defendant avers that the Debtor has moved to stay all proceedings on the TY 2021 Refund Claim based on this adversary proceeding.

41.     Defendant avers that the Debtor inexplicably failed to disclosure the existence of ongoing and active litigation to the bankruptcy court for years and then only amended its Schedules and Statements to disclose the TY 2020 Refund Claim when called out by the Defendant and, to date, has never amended those Schedules and Statements to disclose the TY 2021 Refund Claim.

42.     Defendants incorporates its responses to Paragraphs 1 through 42 as if fully set forth here in response to Paragraph 42.

43.     Paragraph 43 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in 11 U.S.C. § 541(a). Defendant avers this language must be read in context and its entirety.

44.     Paragraph 44 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in 11 U.S.C. § 1141. Defendant avers this language must be read in context and its entirety.

45.     Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in Rule 1009(a) of the Bankruptcy Rules.

47.     Defendant 47 is a legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48.     Regarding the allegations in Paragraph 48, Defendant avers that the Global Notes must be read in context and in their entirety.

49.     Regarding the allegations in Paragraph 49, Defendant avers that the Plan, Confirmation Order, and Liquidating Trust Agreement must be read in context and in their entirety.

50.     Paragraph 50 is a legal conclusion not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Defendant avers that the Debtor only amended the Schedules and Statements because Defendant moved for summary judgment on the TY 2020 Refund Claim based on judicial estoppel.

52.     Defendant denies that Debtor is entitled to any of the relief it seeks in Paragraph 52 or this adversary proceeding.

53.     Defendants incorporates its responses to Paragraphs 1 through 52 as if fully set forth here in response to Paragraph 53.

54.     Paragraph 54 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in 11 U.S.C. § 541(a). Defendant avers this language must be read in context and its entirety.

55.     Paragraph 55 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in 11 U.S.C. § 1141. Defendant avers this language must be read in context and its entirety.

56.     Paragraph 54 is legal conclusion, not a factual allegation to which a response is required. To the extent a response is required, Defendant admits that the quoted language, minus alterations, appears in 11 U.S.C. § 541(a). Defendant avers this language must be read in context

and its entirety.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegation in Paragraph 58 as the TY 2020 Refund Claim did not arise after the Petition Date.

59.     Regarding the allegations in Paragraph 59, Defendant avers that the Plan, Confirmation Order, and Liquidating Trust Agreement must be read in context and in their entirety.

60.     Paragraph 60 is a legal conclusion, not a factual allegation to which a response is required. Defendant avers that Debtor should be estopped from maintaining the TY 2021 Refund Claim as it was not properly or timely disclosed to the bankruptcy court as required by law.

61.     Defendant denies that Debtor is entitled to any of the relief it seeks in Paragraph 61 or this adversary proceeding.

62.     Defendants incorporates its responses to Paragraphs 1 through 61 as if fully set forth here in response to Paragraph 62.

63.     Paragraph 63 is a legal conclusion not a factual allegation to which a response is required. To the extent a response is required, Defendant states the Debtor should be estopped from pursuing the TY 2020 and 2021 Refund Claims given Debtor's failure to disclose these claims in violation of the law.

64.     Paragraph 64 is a legal conclusion not a factual allegation to which a response is required. To the extent a response is required, Defendant states the Debtor should be estopped from pursuing the TY 2020 and 2021 Refund Claims given Debtor's failure to disclose these claims in violation of the law.

65.     Defendant denies the allegations in Paragraph 65.

8

66.    Defendant denies the allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations in Paragraph 68.

69.    Defendant denies the allegations in Paragraph 69.

70.    Defendant denies the allegations in Paragraph 70.

71.    Defendant denies the allegations in Paragraph 71.

72.    Defendant denies the allegations in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73.

74.    Defendant denies the allegations in Paragraph 74.

75.    Defendant denies the allegations in Paragraph 75.

76.    Defendant denies the allegations in Paragraph 76.

77.    Defendant denies that Debtor is entitled to any of the relief it seeks in Paragraph 77 or this adversary proceeding.

78.    Defendants incorporates its responses to Paragraphs 1 through 77 as if fully set forth here in response to Paragraph 78.

79.    Defendant denies the allegations in Paragraph 79.

80.    Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant denies the allegations in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83.

84.    Defendant denies the allegations in Paragraph 84.

85.    Defendant denies the allegations in Paragraph 85.

86.    Defendant denies the allegations in Paragraph 86.

87.    Defendant denies the allegations in Paragraph 87.

88.    Defendant denies that Debtor is entitled to any of the relief it seeks in Paragraph 88 or this adversary proceeding.

89.    All allegations set forth in the Petition, whether express or implied, that are not specifically admitted, denied, or qualified herein are hereby denied.

Relief Requested. Defendant denies that Debtor is entitled to any of its requested relief.

## THIRD DEFENSE

Debtor should be estopped from maintaining its million-dollar-plus tax refund claims in the Superior Court of the District of Columbia. These tax refund claims were pending, either in the Superior Court or administratively, on the date Debtor filed its bankruptcy petition. But Debtor never disclosed them to the bankruptcy court, instead concealing them for years and only finally disclosing them once forced to do so by Defendant.

Defendant reserves the right to assert additional defenses as discovery proceeds and reveals facts not currently known or available to it.

WHEREFORE, having fully answered the allegations contained in the Complaint Defendant requests entry of judgment in its favor on the Complaint and such other and further relief as the Court may find proper.

Dated: November 21, 2023          Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

DAVID A. BRADLEY
Assistant Deputy Attorney General, Commercial Division

10

WILLIAM BURK
Section Chief, Land Acquisition and Bankruptcy

KRISTIAN A. CROOKS
Section Chief, Tax and Finance

_____
NANCY ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street NW, Suite 9100
Washington, DC 20005
(202) 724-8122


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system, which will automatically send e-mail notifications to all parties and counsel of record.

_____/s/ Nancy L. Alper_____
NANCY ALPER, D.C. Bar No. 411324