# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] ) | |
| ) | Case No. 21-10023 (JTD) |
| Debtor. ) | |
| ) | |
| WARDMAN HOTEL OWNER, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 23-50453 (JTD) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE BY DEFENDANT DISTRICT OF COLUMBIA TO PLAINTIFF WARDMAN HOTEL OWNER, L.L.C.'S MOTION FOR SUMMARY JUDGMENT ON ITS ADVERSARY COMPLAINT FOR DECLARATORY RELIEF[2]

In September 2020, Debtor/Plaintiff Wardman Hotel Owner, L.L.C. sued the District of Columbia in the Superior Court for the District of Columbia, seeking a partial refund of more than $1 million on the Tax Year 2020 real property taxes paid on its convention-center hotel at 2660 Woodley Road NW in Washington, D.C. (the "2020 Refund Claim").[3] Less than four months later, the Debtor filed its Chapter 11 petition in this Court and inexplicably failed to disclose the 2020

---

[1] The last four digits of Debtor's U.S. tax identification number are 9717. Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

[2] The Court's Order dated January 3, 2024, provides that the deadline for the District's response is January 10, 2024, 4:00 p.m. (ET) (Dkt. No. 12.) Undersigned counsel got unexpectedly delayed in a bankruptcy hearing in Washington, D.C., which necessitated the late filing of this response.

[3] *Wardman Hotel Owner, L.L.C. v. District of Columbia,* 2020 CVT 000511 (D.C. Super. Ct.).

1

Case 23-50453-JTD    Doc 13    Filed 01/10/24    Page 2 of 3

Refund Claim in its Schedule of Assets and Liabilities and its Statement of Financial Affairs.[4] (21-10023, Dkt. Nos. 134, 135.) Two years went by and still the Debtor never disclosed the existence of the 2020 Refund Claim to its creditors or this Court.

This led the District to move for summary judgment in the Superior Court on the 2020 Refund Claim, arguing that the Debtor should be estopped from pursuing it based on its unexplained failure to disclose in its bankruptcy case. The Debtor moved quickly thereafter to amend its Schedule of Assets and Liabilities and its Statement of Financial Affairs to disclose the Tax Year 2020 claim. (21-10023, Dkt. No. 469.)

Considering the Debtor's now corrected disclosures, the District does not oppose or otherwise dispute Debtor's request for a declaratory judgment that (1) the 2020 Refund Claim is the property of the Debtor's estate; (2) the subsequent 2021 Refund Claim is the property of the Debtor's estate[5]; and (3) it is not judicially estopped from pursuing the 2020 Refund Claim and 2021 Refund Claim. (Dkt. No. 1, Compl. p. 18, ¶¶ 1-3.)

Dated: January 10, 2024          Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

DAVID A. BRADLEY
Assistant Deputy Attorney General, Commercial Division

WILLIAM BURK
Section Chief, Land Acquisition and Bankruptcy

KRISTIAN A. CROOKS
Section Chief, Tax and Finance

---

[4] A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), 541(a)(7). Indeed, this "obligation of full disclosure is crucial to the integrity of the bankruptcy process." *In re Hyde,* 222 B.R. 214, 219 (Bankr. S.D.N.Y. 1998).

[5] *Wardman Hotel Owner, L.L.C. v. District of Columbia,* 2021 CVT 000434 (D.C. Super. Ct.).

2

    /s/ Nancy Alper
NANCY ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street NW, Suite 9100
Washington, DC 20005
(202) 724-8122

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system, which will automatically send e-mail notifications to all parties and counsel of record.

    /s/ Nancy Alper
NANCY ALPER, D.C. Bar No. 411324